UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CORIELLE JOHNSON, | Case No. 09-10910 |
| Plaintiff, | Arthur J. Tarnow |
| vs. | United States District Judge |
| PATRICIA CARUSO, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

# REPORT AND RECOMMENDATION
# MOTION TO DISMISS (Dkt. 14)

## I.   PROCEDURAL HISTORY

Plaintiff filed this prisoner civil rights action on March 11, 2009.  (Dkt. 1). This case was referred to the undersigned on June 20, 2010.  (Dkt. 13).  On July 8, 2010, defendant Michigan Department of Corrections[1] filed a motion to dismiss, arguing that plaintiff's claims against it are barred by the Eleventh Amendment, that plaintiff failed to exhaust his administrative remedies, and that this Court lacks subject matter jurisdiction.  (Dkt. 14).  Plaintiff filed a response on August 5, 2010. (Dkt. 20).  This matter is now ready for report and recommendation.

---

[1] Several individual defendants have also been identified in plaintiff's complaint, however, none have yet appeared and the motion to dismiss is filed solely by the MDOC.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that the MDOC be **DISMISSED** as a defendant from this case.

## II. ANALYSIS AND CONCLUSION

It is well-established that, absent consent, the Eleventh Amendment bars an action "when the action is 'in essence one for the recovery of money from the state [and] the state is the real, substantial party in interest.'" *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006), quoting, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Where successful litigation against a state-run prison system would mean that damages would be drawn from the state's coffers, the state and its prison system enjoy immunity from suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Sixth Circuit has specifically held that "the MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity." *Turnboe v. Stegall*, 2000 WL 1679478, at *2 (6th Cir. 2000). "The Eleventh Amendment bars a suit against a state in federal court unless the state waived its sovereign immunity or unequivocally consents to be sued." *Id*.

The State of Michigan has neither waived its right to sovereign immunity nor has it consented to suit. Thus, the MDOC is not amenable to suit under § 1983. Plaintiff's § 1983 claims against the MDOC are, therefore, barred by the Eleventh

Amendment and the MDOC should be dismissed from this suit. In light of these conclusions, the remainder of defendant's arguments need not be addressed.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that the MDOC be **DISMISSED** as a defendant from this case. No relief is sought or recommended as to any other named defendant and all claims against any other defendants remain pending.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 10, 2011                           s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Joshua D. Marcum, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Corielle Johnson, ID# 324642, IONIA MAXIMUM CORRECTIONAL FACILITY, 1576 W. Bluewater Highway, Ionia, MI 48846.

                                                 s/Tammy Hallwood
                                                 Case Manager
                                                 (810) 341-7887
                                                 tammy_hallwood@mied.uscourts.gov