UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CORIELLE JOHNSON, | Case No. 09-10910 |
| Plaintiff, | Arthur J. Tarnow |
| vs. | United States District Judge |
| PATRICIA CARUSO, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

**REPORT AND RECOMMENDATION
MOTION FOR DEFAULT JUDGMENT (Dkt. 68)
RECOMMENDATION OF DISMISSAL OF
<u>CLAIMS AGAINST DEFENDANTS ACORD AND SELLERS</u>**

Plaintiff filed this prisoner civil rights action on March 11, 2009. (Dkt. 1). This case was referred to the undersigned on June 20, 2010 for all pretrial proceedings. (Dkt. 13). Defendants filed motions for summary judgment. (Dkt. 53, 62). The undersigned recommended that these motions for summary judgment be granted, which recommendation was adopted by the district court. (Dkt. 67, 72). In the report and recommendation, the undersigned concluded that none of the claims asserted by plaintiff had any merit whatsoever and the district court agreed.

On January 5, 2012, the undersigned issued an order for plaintiff to show cause why the claims against defendants Sellers and Acord should not be

1

Report and Recommendation
Motion for Default Judgment/Recommendation of Dismissal
*Johnson v. Caruso*; Case No. 09-10910

dismissed for failure to prosecute because Sellers had not been served with the summons and complaint and Acord had been served, but no further action had been taken by plaintiff. (Dkt. 66). In that order, the Court warned plaintiff that "Failure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant C. Sellers and Christopher Acord should be dismissed for lack of prosecution in accordance with Federal Rule of Civil Procedure 41 and Local Rule 41.2." (Dkt. 66).

In his response to the order to show cause, plaintiff indicated that he was unable to locate any address for defendant Sellers. (Dkt. 69). Plaintiff then filed a motion for default judgment as to defendant Acord, who had been served with the summons and complaint, but has never answered or appeared. (Dkt. 68). In the view of the undersigned, the claims against defendants Acord and Sellers should be dismissed for the same reasons set forth in the earlier report and recommendation, given that all of plaintiff's claims were deemed meritless in their entirety and nothing in the complaint suggests that the claims against defendants Acord and Sellers should be analyzed differently. Given this conclusion, the undersigned need not reach the issue the whether plaintiff's complaint against defendant Sellers should be dismissed for failure to prosecute.

In addition, plaintiff's motion for entry of default judgment should be denied for the reason that no default has been entered by the Clerk of the Court.

2

Report and Recommendation
Motion for Default Judgment/Recommendation of Dismissal
*Johnson v. Caruso*; Case No. 09-10910

"In order to obtain a default judgment against a party who has received service but failed to appear or plead in a case, the plaintiff must first seek an entry of default from the Clerk of the Court under Rule 55(a)." *Corsetti v. Hackel*, 2011 WL 2135184, *1 (E.D. Mich. 2011), citing 10A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Here, no default has entered and thus, the motion for entry of default judgment should be denied.

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for default judgment be **DENIED** and that the claims against defendant Acord and Sellers be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

Report and Recommendation
Motion for Default Judgment/Recommendation of Dismissal
*Johnson v. Caruso*; Case No. 09-10910

3

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 3, 2012  s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on April 3, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Joshua D. Marcum, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Corielle Johnson, ID# 324642, BARAGA CORRECTIONAL FACILITY, 13924 Wadaga Road, Baraga, MI 49908.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov

4

Report and Recommendation
Motion for Default Judgment/Recommendation of Dismissal
*Johnson v. Caruso*; Case No. 09-10910