UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORIELLE JOHNSON,

    Plaintiff,

v.

PATRICIA CARUSO, ET AL.,

    Defendants.
_____/

Case No. 09-10910

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL J. HLUCHANIUK

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [75] AND MOTION FOR DEFAULT JUDGMENT [68] AND ADOPTING REPORT AND RECOMMENDATION [74]**

Now before the Court is Plaintiff's Motion for Reconsideration [75] and Motion for Default Judgment [68].

On March 16, 2012, the court adopted the Report and Recommendation [67] of the Magistrate Judge and granted Defendants' Motions for Summary Judgment [53] and [62]. On April 12, 2012, Plaintiff filed his Motion for Reconsideration [75]. On February 6, 2012, Plaintiff filed a Motion for Default Judgment [68] with respect to Defendant Christopher Acord. On April 3, 2012 the Magistrate issued a Report and Recommendation [74] recommending that Plaintiff's Motion for Default be denied and that Plaintiff's claims against Defendants Acord and Seller be denied. On April 16, 2012, Plaintiff filed an Objection [76].

**Motion for Reconsideration**

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must

> not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (a motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiff argues that his verified complaint establishes a genuine issue of material fact. Specifically, Plaintiff argues that his allegation that he attempted to send a § 1983 complaint related to his conditions of confinement, and was twice prevented from doing so by Defendants Potila and Acord, establishes a genuine of material fact regarding the issue of whether Defendants violated Plaintiff's right to access the courts.

The court first notes that Plaintiff's argument does not apply to the majority of Defendants whom the court granted summary judgment. Of said Defendants, Plaintiff's argument applies only to Defendant Potila.

Plaintiff fails to demonstrate a palpable defect in the court's reasoning. Plaintiff's characterization of the complaint allegedly confiscated by Defendants as a § 1983 action does not create a genuine issue of material fact where Plaintiff himself admits that his complaint largely consisted of frivolous UCC-based arguments that have been consistently rejected by the courts. This fact is emphasized by the affidavit attached by Plaintiff to the complaint in the instant case, wherein

Plaintiff alleges that he is the "secured party/creditor of debtor Corielle Demont Johnson© . . . I have a property interest in protecting the property rights of both debtor and the secured party." Plaintiff claims money damages for the use of his "copy-righted property," i.e., his name. The court, in its previous order, found that no genuine issue of material fact existed with respect to Plaintiff's claims. Plaintiff's allegation that the confiscated complaint also included unstated "other claims" related to his confinement, without any description of or basis for these other claims, is not sufficient to create a genuine issue of material fact.

The remainder of Plaintiff's motions primarily consist of repetition of the arguments advanced in his responses to the various motions to dismiss. The court has previously rejected these arguments in its order [75]. Plaintiff has not demonstrated any palpable defect in this Court's order.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

**Report and Recommendation on Plaintiff's Motion for Default**

The Magistrate Judge recommends that the court dismiss Plaintiff's claims against Defendants Sellers and Acord and deny Plaintiff's Motion for Default. Plaintiff objects.

This Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c). Objections must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

The court first notes that Plaintiff's objection applies only to Defendant Acord. While Plaintiff mentions Defendant Sellers, he does not provide any explanation as to how his objection, which focuses upon the alleged confiscation of a complaint containing § 1983 claims, involves Defendant Sellers. As such, Defendant Sellers is properly dismissed from the case based on the reasons stated above and in this court's previous order [72].

As to Defendant Acord, Plaintiff's objection reiterates the arguments made in his Motion for Reconsideration, discussed above. Plaintiff's claims against Defendant Acord are based on the confiscation of UCC-related materials that have been observed by this and other courts to be used for the purpose of creating frivolous claims against various government officials. The court does not accept Plaintiff's explanations regarding unstated and unelaborated "other claims" related to confinement in the confiscated complaint. Pursuant to 28 U.S.C. § 1915(e)(2) this court may dismiss a case at any time it determines that the action is frivolous or fails to state a claim on which relief may be granted. The court finds that Plaintiff fails to state a claim with regards to Defendant Acord, for the reasons stated above and in this court's order [72] of March 16, 2012.

The Court having reviewed the record in this case, the Opinion and Order of the Magistrate Judge is hereby ADOPTED and is entered as the findings and conclusions of the Court. Plaintiff's claims against Defendants Sellers and Acord are DISMISSED. As such, Plaintiff's Motion for Default is MOOT.

## Conclusion

For the reasons stated above, **IT IS ORDERED** that Plaintiff's Motion for Default is **MOOT**. Plaintiff's Motion for Reconsideration is **DENIED**. The Report and Recommendation is **ADOPTED** and entered as the findings and conclusions of the Court. Plaintiff's claims against Defendants Sellers and Acord are **DISMISSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 8, 2012        Senior United States District Judge

## CERTIFICATE OF SERVICE

      I hereby certify on May 8, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 8, 2012: **Corielle Johnson.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          District Judge Arthur J. Tarnow
                                          (313) 234-5182